WILLIAM B. CHAMBERLIN, Appellant,

*v.*

HORACE PRIOR and HENRY PRIOR, Executors of HENRY PRIOR, deceased, Respondents.

In this court the report of a referee, so far as it involves questions of fact, is not open for review.

When a dormant partner, in disposing of his interest in a firm, in good faith refers the purchaser to a statement of the condition of the firm made out by one of the partners, but does not assume to warrant or even know of its correctness, he will not be deemed guilty of fraud upon mere proof that the statement was incorrect, and represented the firm in a more prosperous condition than it really was.

*Appeal from General Term.*

THIS action was prosecuted by the plaintiff against Henry Prior, and after his death continued against his executors, to recover damages arising out of the alleged fraudulent representations of the deceased, by which the plaintiff was induced to purchase Henry Prior's interest in the firm of Prior, Holcomb & Co., and become a member thereof, when the firm was in fact insolvent.

It appears by the evidence, and is found as a fact by the referee, that a statement was made up purporting to give the financial standing of the firm at the time of the plaintiff's purchase, which proved to be entirely false in all its material circumstances. This statement was contained in the bill of sale, and represented the stock in hand to be from six to eight thousand dollars; bills payable, about thirteen thousand six hundred and ninety-nine dollars and sixty-one cents; and bills receivable, about ten thousand three hundred and eighty-six dollars and seventy cents; but a reference was made therein to the books of the firm for a more full and complete description. It is found by the referee that in March, 1858, the deceased *Henry Prior*, his brother, *Horace Prior* and one *Henry Holcomb*, were associated together in carrying on the drug business in the city of New York,

under the firm name of *Prior, Holcomb & Co.;* that the plaintiff proposed to purchase out Henry Prior's interest in such firm on the 20th day of November, 1858, and purchase it for the sum of twenty-two hundred dollars, he taking Henry Prior's position in the firm, without a change of name, and that in February, 1860, the firm failed.

The referee also found that when the plaintiff applied to Henry Prior to purchase his interest in the firm, the said Henry Prior was unacquainted with the details of said business, but referred the plaintiff, for information, to the books, and to Mr. Holcomb, who kept the same; that Holcomb refused to allow the books to be examined by a bookkeeper on behalf of the plaintiff when he applied to him for the purpose, but offered to furnish a statement, which he did, of the purport before mentioned; that the plaintiff examined the stock in hand for himself, and found the same as represented in the statement. As to the liabilities of the old firm, the referee finds that on the 20th of November, 1858, they amounted to between sixteen and seventeen thousand dollars, exclusive of the capital contributed by the several copartners; and that the bills receivable, including their book accounts, stock and merchandise, amounted to the sum of about seventeen thousand dollars; that the said Henry Prior was a farmer, living on his farm on Long Island, and took no active part in carrying on the said business, and was unacquainted with the condition of the same, and that he believed Holcomb's statement to be correct.

The referee having reported in favor of the defendant, the plaintiff's counsel made a case, containing exceptions, and appealed from the judgment entered upon the report of the referee to the General Term of the second district; which court affirmed the judgment.

*S. D. Hoyt Chamberlin*, for appellant.

*William H. Goodrich*, for respondent.

MORGAN, J. The questions litigated on the trial were mainly questions of fact. The plaintiff's counsel requested the referee to find various propositions of fact, some of which may have been supported by the evidence, but I do not understand that we are at liberty to examine the evidence in detail with a view of deciding whether the referee erred in his refusal to find certain facts; although we should come to the conclusion that his omission to do so arose out of an entire misapprehension of the evidence. The report of the referee, so far as it involves questions of fact, is not open to review in this court. We cannot say that any facts are established by the evidence except such as are found by the referee. It is said by the appellant's counsel that the referee utterly discarded the evidence and came to a wrong result upon the undisputed facts of the case. This he thinks was an error in law. It was, doubtless, competent for the Supreme Court to reverse the judgment and award a new trial upon such a theory of the case. That court has authority to examine and pass upon the facts as well as the law; while this court can only pass upon the law. *Hoyt* v. *Thompson, Ex'r*, 19 N. Y., 207; *Griffin* v. *Marquardt*, 18 id., 573. We must take the statement of facts as we find it in the record.

It is claimed, however, by the appellant's counsel, that, upon the facts found by the referee, the plaintiff was entitled to judgment. The ground of this claim is, that Henry Prior represented the financial condition of the firm to be different from what he knew it to be; or, at least, that he affirmed that to be true of which he knew nothing.

I think the report of the referee plainly shows that the statements contained in the schedule made out by Holcomb were essentially untrue; and if these statements are to be regarded as those of Henry Prior, upon which the plaintiff relied before making his purchase, the alleged fraud would probably be sufficiently proved.

While it may be admitted that the evidence would have justified the referee in finding such a state of facts, nothing of the kind can be gathered from his report. On the contrary, it is stated in the report of the referee, that Henry Prior was a farmer living on his farm in Long Island; that he took no active part in carrying on the said business, and was unacquainted with the condition of the same; and that he himself believed in the truth of the statements made by Holcomb, upon the basis of which the trade was consummated. There is no ground, either upon the evidence or upon the findings of fact by the referee, to charge Henry Prior with knowledge of the pecuniary condition of the firm of Prior, Holcomb & Co.; nor is there any finding of fact that *he assumed* to know its condition, or that the plaintiff relied upon any statements made by Henry Prior in relation to its condition before the purchase.

There is no error in law which would justify this court in reversing the judgment.

I think the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.